UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>James E. Levin, and<br>Jacklyn Sutcivni<br>   f/k/a Jacqueline Vachon-Jackson<br><br>        Defendants. | Case No.: 16-CR-40031-TSH |

## PROTECTIVE ORDER

The government has represented to the Court that materials to be disclosed to defense counsel as part of the government's disclosure obligations in the above-captioned case contain sensitive personal identifying information of multiple individuals. To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect the personal identifying information of third parties, which information is entitled to be kept confidential, and in order to ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, hereby **ORDERED**:

    1.    As to any document produced by the government to the defendants during the discovery process in this case which contains personal identifying information of any individual, defense counsel may show (or provide a copy of) the document and its contents only to the defendants and to those members of defense counsel's staff, including consultants, investigators, and experts, who are necessary to assist counsel in this case. The information contained in said

documents shall be held strictly confidential and shall be used solely for the purpose of litigating matters in this case and shall not be divulged to any other person.

2.  In the case of any expert witness hired or consulted by defense counsel for the purpose of the legal defense in the above-captioned case, the defense team is permitted to disclose discovery materials to the expert witness for the purpose of the legal defense in the above-captioned case, so long as the expert witness: (i) has signed the attached agreement to be bound by this order, and this signed document has been filed with the Court as set forth in Paragraph 5 below; (ii) does not copy any of the discovery materials produced to him or her by the defense team; and (iii) returns all discovery materials, or documents reflecting the information contained in the materials, to the defense team at the conclusion of the case.

3.  If defense counsel has made a good faith determination that it is necessary to question or interview third party witnesses and, in so doing, to show documents, records, or information containing personal identifying information received pursuant to the discovery process in this case, defense counsel must first redact any social security numbers, dates of birth, home addresses, financial account numbers, and other personal identifying information of third parties ("personal information") from the copies of materials shown to such persons. (If the materials shown to a particular person contain any personal information for that particular person, however, such information need not be redacted.).

4.  Personal identifying information of any person (other than the defendants) shall not be entered into the public record, either in pleadings or in open Court, unless such information is redacted, submitted under seal, or otherwise sanitized to protect the information from unnecessary public disclosure, unless the Court otherwise allows for good cause shown.

No party shall disclose personal identifying information of any individual (with the exception of the personal identifying information of the defendants) in open Court without prior consideration by the Court. Submissions to the Court referring to documents, records, or information received pursuant to the discovery process in this case which contain personal identifying information of any individual (with the exception of the personal identifying information of the defendants) shall be filed (i) at least temporarily under seal, and (ii) with a proposed redacted and/or sanitized version to be made, upon order of the Court, part of the public record if the complete document is not unsealed. Any such submissions to the Court referring to documents, records, or information received pursuant to the discovery process in this case do not have to be filed under seal if the parties agree beforehand that the documents do not contain personal identifying information which should be protected from disclosure.

5. As to all persons who are provided access to personal identifying information in connection with the preparation and defense of this matter, including the defendants, counsel of record shall advise each of these persons of the privacy and confidentiality of such information and their obligation not to disclose the information, and require such person to sign a copy of this Order to affirm their understanding of their obligation not to disclose the information before such information is disclosed.

6. Counsel of record shall maintain copies of this Order which have been signed by all persons who have been provided access to the personal identifying information of any individual (with the exception of the personal identifying information of the defendants), until the conclusion of this litigation, including all appeals.

7. No person, including the defendants, who receives discovery materials from the defense team is permitted to further disseminate or further disclose any such materials, or information in them, for any purpose.

SO ORDERED, this 7th day of October, 2016.

_____
HONORABLE KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I have read the contents of the above protective order entered in *United States v. James E. Levin and Jacklyn Sutcivni (f/k/a Jacqueline Vachon-Jackson)*, No. 16-CR-40031-TSH, and that I have had the terms of the protective order explained to me. I agree that the order applies to me, that I am bound by its terms, and that I shall comply with its terms.

_____
NAME:

_____
DATE