# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No.:   16-CR-40031-TSH |
| **James E. Levin, and** **Jacklyn Sutcivni** f/k/a Jacqueline Vachon-Jackson | |
| Defendants. | |

### JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)

The United States of America and the defendants James E. Levin ("Levin") and Jacklyn Sutcivni ("Sutcivni") (together, the "Defendants"), through their respective counsel, hereby submit this joint memorandum addressing Local Rule 116.5(b) in advance of the interim status conference scheduled for November 15, 2017.   The Court held an initial status conference on November 21, 2016 and interim status conferences on January 30, 2017, April 27, 2017, and July 27, 2017.

I.    **Local Rule 116.5(b)(1)**

Between September 23, 2016 and November 9, 2017, the government produced eleven tranches of automatic and voluntary, supplemental discovery as required by Fed. R. Crim. P. 16 and Rules 116.1(c) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts.   The parties have discussed that the discovery production process remains ongoing, and the government is working diligently to continue to produce discovery as quickly as possible.   To date, approximately 2.5 million pages of documents have been produced but production remains ongoing.

The government anticipates providing additional discovery in the coming weeks. Additional discovery remains, however, to be produced, and the government expects that production will continue into at least late February 2018.

## II.     Local Rule 116.5(b)(2)

The government will provide discovery in response to any future request(s) according to the local rules and pursuant to the Federal Criminal Rules of Criminal Procedure, including any supplemental discovery if any additional materials are obtained.

## III.    Local Rule 116.5(b)(3)

The Defendants need additional time to review the government's automatic discovery before determining whether it will be necessary to file a request for additional materials.

## IV.    Local Rule 116.5(b)(4)

The Court signed a protective order in this case on October 7, 2016. [D.39].

## V.     Local Rule 116.5(b)(5)

The parties agree that it is too early to set a motion schedule under Fed. R. Crim. P. 12(b). The parties ask that a motion date under Fed. R. Crim. P. 12(c), if necessary, be set after the government has completed its discovery productions and the defense has had a chance to complete its review of the discovery materials provided by the government to date, as well as the additional materials the government will subsequently produce.   The government agrees with this request.

**VI.     Local Rule 116.5(b)(6)**

The parties propose that expert disclosures for the government, if any, be due 45 days before trial and that the Defendants' expert disclosures, if any, be due 21 days before trial.

**VII.    Local Rule 116.5(b)(7)**

At this time, the Defendants do not anticipate raising a defense of insanity, public authority, or alibi.

**VIII.   Local Rule 116.5(b)(8)**

The government and the Defendants agree that the period from the Defendants' initial appearances and arraignments upon the indictment on August 25, 2016 through November 15, 2017 was properly excluded by this Court's orders on excludable delay. [D.33; D.66; D.76; D.86]. The government and the Defendants further agree that the time period between November 15, 2017 through and including the date of next status conference should be excluded because the parties have been and are using the period of the continuance to complete production and review of discovery. Therefore, the parties request that this Court find that the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

**IX.     Local Rule 116.5(b)(9)**

The parties to this status report have not yet discussed the resolution of this case. Should this case go to trial, it may last three to five weeks.

**X.      Local Rule 116.5(b)(10)**

The government and the Defendants request that an interim status conference date be established in late February 2018. The government anticipates that discovery will be completed, or nearly completed, by that time. The Defendants do not yet know, however, whether they will be ready to advise the Court on the next scheduled status date as to whether they will be filing

any motions, and if so, which motions they are planning on filing. At the next status date, the parties would be prepared to advise the Court as to (1) the status of discovery production and (2) the status of discovery review, and the need for any additional status date to address further outstanding issues.

Respectfully submitted,

| | |
|---|---|
| JAMES E. LEVIN, | WILLIAM D. WEINREB<br>ACTING UNITED STATES ATTORNEY |
| By: /s/ Brad Bailey (by MLDJ)<br>     Brad Bailey, Esq.<br>     Adamo Lanza, Esq.<br>     Brad Bailey Law, P.C.<br>     10 Winthrop Square, 4th Floor<br>     Boston, Massachusetts 02110<br>     brad@bradbaileylaw.com | By: /s/ Michelle L. Dineen Jerrett<br>     Michelle L. Dineen Jerrett (BBO # 634930)<br>     Assistant U.S. Attorney<br>     United States Attorney's Office<br>     District of Massachusetts<br>     Donohue Federal Building<br>     595 Main Street<br>     Worcester, Massachusetts 01608<br>     Michelle.Dineen.Jerrett@usdoj.gov |

JACKLYN SUTCIVNI,

By:   /s/ Joseph Griffin (by MLDJ)
      Joseph Griffin, Esq.
      15 Court Square
      Suite 240
      Boston, Massachusetts 02108
      josgriffin@msn.com

Date:  November 13, 2017

## Certificate of Service

I hereby certify that on November 13, 2017 this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: /s/ Michelle L. Dineen Jerrett
    MICHELLE L. DINEEN JERRETT
    Assistant U.S. Attorney